UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY QUARANTA, | ) | Circuit Court of |
| | ) | Cook County, Illinois |
| Plaintiffs, | ) | Case No. 08 CH 19043 |
| | ) | |
| | ) | FILED: JULY 3, 2008 |
| v. | ) | 08CV3807 |
| | ) | JUDGE GETTLEMAN |
| BAYVIEW LOAN SERVICING LLC, | ) | MAGISTRATE JUDGE COX |
| | ) | YM |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

To: Eugene I. Turin
4oo Skokie Blvd., Suite 380
Northbrook, IL 60062

NOW COMES Defendant, BAYVIEW LOAN SERVICING LLC. ("Bayview"), by and through its attorneys, Michael J. Weik, Craig C. Smith of Smith & Weik LLC, and hereby remove this action from the Circuit Court of Cook County, Illinois, where it is pending, to the United States District Court for the Northern District Court of Illinois.

In support of this Notice of Removal, the Defendant states as follows:

1. On or about May 23, 2008, the Plaintiff, Anthony Quaranta commenced an action against the Defendant in the Circuit Court of Cook County, Illinois, by filing a "Complaint" under case number 08 CH 19043.

2. The Summons and Complaint were served on Defendant Bayview on June 5, 2008. Copies of the Summons, Complaint and Service of Process Transmittal Form are attached hereto as Exhibits "A," "B" and "C," respectively.

3. The undersigned attorney for Bayview has reviewed the "online" docketing information and filed documents that were made available in the offices of the Clerk of the

Circuit Court of Cook County and it does not appear that any proceedings have occurred in the state court proceeding.

4. In the Complaint, Plaintiff seeks to reform or rescind a note and the mortgage securing said note. Plaintiff seeks to reform the note and allow him to pay-off the note in amounts approximately one million dollars ($1,000,000.00) less than Defendant would be due pursuant to the terms of the note. Otherwise, Plaintiff seeks to "rescind" the note and mortgage whereby he would pay defendant approximately one million dollars ($1,000,000.00) less than if he paid in accordance with the note and mortgage. Defendant believes the amount in controversy is well in excess of $75,000.00.

5. The District Court has original jurisdiction over Plaintiff's complaint pursuant to 28 U.S.C. §1332 (a) (1) and this action is removable pursuant to 28 U.S.C. §1441 as the action is between citizens of different states and the amount in controversy exceeds $75,000.00.

6. In further support of the District Court's jurisdiction, Defendant states that:

a. Plaintiff alleges he is a resident of the County of Cook, State of Illinois.

b. Bayview Loan Servicing LLC ("BLS") is a Delaware Limited Liability Company with its principal office and place of business is in Coral Gables, Florida. As a limited partnership, its citizenship is that of its members and, where appropriate, the citizenship of each member's members' citizenship. *Mutual Assignment and Indemnification Co. v. Lind-Waldock & Co.* 439 F.3d 346, 347-48 (7th. Cir. 2006) (citations omitted).

c. BLS has one member, Bayview Financial L.P ("BFLP"), a Delaware Limited Partnership whose principal office and place of business is in Coral Gables, Florida. BFLP has one limited partner, Bayview Financial Holdings L.P. ("BFHLP") a Delaware Limited Partnership whose principal office and place of business is in Coral

Gables Florida, and one general partner, Bayview Financial Management Corporation ("BFMC"), a Delaware Corporation with its principal office and place of business in also in Coral Gables Florida. BFHLP has one general partner, BFMC, and two limited partners, QKF Corporation, a Florida corporation whose principal office and place of business is in Coral Gables Florida and BFTG Holding Company, Inc a Florida corporation whose principal office and place of business is in Coral Gables Florida.

Attached as Exhibit D is the affidavit of Robert Hodapp, Vice President and Corporate Counsel, attesting to the statements contained herein.

7. This Notice of Removal is filed within thirty (30) days after receipt of the Summons and Complaint by the Defendant and is therefore timely filed pursuant to 28 U.S.C. §1446(b). See Exhibit "C."

8. Copies of this Notice of Removal will be served promptly on all adverse parties, and a copy of the Notice of Removal will be filed promptly with the Clerk of the Circuit Court of Cook County, Illinois, all as required by 28 U.S.C. §1446(d).

Respectfully submitted,

BAYVIEW LOAN SERVICING LLC

By: s/Michael J. Weik
One of Defendants' Attorneys

Michael J. Weik ARDC # 3125782
Craig C. Smith ARDC #6238126
Smith & Weik LLC
10 S. LaSalle Street, Suite 3702
Chicago, IL 60603
312-443-9540

08CV3807
JUDGE GETTLEMAN
MAGISTRATE JUDGE COX
YM

# EXHIBIT A
# BAYVIEW LOAN SERVICING LLC's NOTICE OF REMOVAL

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

ANTHONY QUARANTA,

Plaintiff,

v.

BAYVIEW LOAN SERVICING, LLC,

Defendant.

No. 08 CH 19043

Please serve:
registered agent of Bayview Loan Servicing, LLC -
CT Corporation System
208 S. LaSalle St., S. 814
Chicago, IL 60604

SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room* 802 Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS, DOROTHY BROWN MAY 23 2008

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name: Eugene I. Turin
Attorney for Plaintiff
Address 400 Skokie Blvd., S. 380
City/Zip Northbrook, IL 60062
Telephone (312) 388-5999
Atty. No. 42802

Date of service:______________,2006
(To be inserted by officer of copy left with defendant or other person)

08CV3807
JUDGE GETTLEMAN
MAGISTRATE JUDGE COX
YM

# EXHIBIT B
# BAYVIEW LOAN SERVICING LLC's NOTICE OF REMOVAL

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

ANTHONY QUARANTA, Plaintiff,

v.

BAYVIEW LOAN SERVICING, LLC, Defendant.

No. 08CH19043

Room

FILED 08 MAY 23 PM 1:11

**COMPLAINT**

Now Comes Plaintiff, ANTHONY QUARANTA, by his attorney, Eugene I. Turin, and for his Complaint, states as follows.

**COUNT 1 - REFORMATION OF THE NOTE AND MORTGAGE**

**THE PARTIES**

1. At all times relevant herein, and specifically in 2007, Plaintiff was a resident of Cook County, Illinois.

2. At all times relevant herein, and specifically in 2007, Defendant was a corporation registered to do business in the State of Illinois and Defendant has been doing business in Chicago, Cook County, Illinois.

3. At all times relevant herein, and specifically in 2007, Metwest Commercial Lender, Inc. was an actual agent of Defendant for the purposes of advertising lending services, processing and preparing for closing various residential and commercial loans secured by mortgages on residential and commercial properties located in Cook County, Illinois.

4. At all times relevant herein, and specifically in 2007, Metwest Commercial Lender,

Inc. represented itself as an agent of Defendant, authorized by Defendant to advertise Defendant's lending services, process and prepare for closing various residential and commercial loans secured by mortgages on residential and commercial properties located in Cook County, Illinois.

5. At all times relevant herein, and specifically in 2007, Defendant had been aware that Metwest Commercial Lender, Inc. represented itself as an agent of Defendant authorized by Defendant to advertise lending services, process and prepare for closing various residential and commercial loans secured by mortgages on residential and commercial properties located in Cook County, Illinois.

6. At all times relevant herein, and specifically in 2007, Defendant instructed Metwest Commercial Lender, Inc. to represent itself to Plaintiff and Plaintiff's agents as the entity authorized by Defendant to advertise lending services, process and prepare for closing various residential and commercial loans secured by mortgages on residential and commercial properties located in Cook County, Illinois.

7. At all times relevant herein, and specifically in 2007, Defendant instructed Metwest Commercial Lender, Inc. to represent itself as an agent of Defendant authorized by Defendant to advertise lending services, process and preparing for closing various residential and commercial loans secured by mortgages on residential and commercial properties located in Cook County, Illinois.

8. At all times relevant herein, and specifically in 2007, Jeffrey Green, Jeff Lustbader, and Anthony Carrasco were employees and/or actual agents of Defendant and Metwest Commercial Lender, Inc. for the purposes of soliciting Plaintiff's business to process a loan to be

funded by Defendant and to be secured by a mortgage on Plaintiff's property located at 6301 W. 73d Street, Bedford Park IL 60636.

9. At all times relevant herein, and specifically in 2007, Raymond Dellovo was a commercial mortgage broker who, on behalf of Plaintiff, negotiated the terms and conditions of the loan to be funded by Defendant to be secured by a mortgage on Plaintiff's property located at 6301 W. 73d Street, Bedford Park IL 60636.

10. At all times relevant herein, and specifically in 2007, Stephen Dabrowski was Plaintiff's counsel and attorney in fact for the purposes of negotiating and closing the loan with Defendant secured by Plaintiff's property located at 6301 W. 73d Street, Bedford Park IL 60636.

## PLAINTIFF'S CONTRACT FOR PURCHASE OF THE PROPERTY AND PRE-CLOSING COMMUNICATIONS WITH DEFENDANT

11. On or about March 11, 2007, Plaintiff entered into a Real Estate contract to purchase the property at 6301 W. 73d Street, Bedford Park IL 60636 for $2,050,000.00.

12. On or about March 2007, Plaintiff contacted Raymond Dellovo to assist with procuring a loan to finance the purchase.

13. Raymond Dellovo, on behalf of Plaintiff, compiled, processed, negotiated and submitted the documents for the approval by Defendant of Plaintiff's loan application for a loan in the amount of $1,000,000.00 to finance the purchase of the Property located at 6301 W. 73d Street, Bedford Park IL 60636.

14. In 2007 and at all times prior to the closing on July 2, 2007, Defendant's agents Jeffrey Green, Jeff Lustbader, and Anthony Carrasco, communicated numerous times by

telephone, e-mail and by telecopy with Plaintiff, Plaintiff's agent and attorney – Stephen Dabrowski and with Plaintiff's broker – Raymond Dellovo regarding the material terms of Defendant's loan to Plaintiff..

15. Prior to the closing, Defendant provided Plaintiff with disclosures and the terms and conditions of the proposed loan and Plaintiff agreed to accept those at the closing by executing documents reflecting the agreed terms and conditions.

16. Prior to the actual closing on the Defendant's loan on July 2, 2007, Defendant has not disclosed to or even discussed with Plaintiff any pre-payment penalties or "lock out" interest provisions or terms with Plaintiff or any of Plaintiff's agents.

17. Defendant has never requested Plaintiff's consent to any pre-payment penalties or "lock out" interest provisions and Plaintiff has not agreed with any such provisions.

18. Prior to the actual execution of the loan documents at the closing on July 2, 2007, Plaintiff and Defendant had a complete agreement and meeting of the minds based on the terms and conditions offered by Defendant and based on Plaintiff's acceptance of said terms and conditions. Any pre-payment penalties or "lock out" interest provisions have not been a part of the agreement between Plaintiff and Defendant regarding Defendant's loan financing Plaintiff's purchase of the Property located at 6301 W. 73d Street, Bedford Park IL 60636.

19. Based on the terms of the Real Estate contract, Defendant knew that Plaintiff had to close on the purchase of the Property no later than June 18, 2007.

20. Defendant without just reason or cause delayed the approval of the loan until July 2, 2007.

21. Plaintiff was able to secure Seller's consent to postpone the closing numerous times

and Seller agreed that the July 2, 2008 would be the final "drop-dead" date.

**THE CLOSING AND THE EXECUTION OF THE DEFICIENT PROMISSORY NOTE**

22. On July 2, 2007, Defendant delivered the closing documents and instructions directly to the closing agent - Bell Title Insurance Co. immediately before the closing time close to the end of the business day on July 2, 2007..

23. In a rushed closing on the last day available for Plaintiff to close where hundred of pages of documents were presented for execution, Plaintiff and his attorney have been assured by Defendant that the voluminous closing package presented for Plaintiff's signature contained only those terms and conditions that had been previously discussed and agreed to between Plaintiff and Defendant.

24. Plaintiff has materially and reasonably relied on Defendant's assurances that no provisions had been included in the documents presented for execution at the closing except the provisions previously discussed and agreed to between Plaintiff and Defendant.

25. On July 2, 2007, at the closing at the Hillside offices of Bell Title Insuarance Co., Plaintiff executed the Note and Mortgage attached hereto as Exh. A and B.

26. When after the closing Plaintiff's counsel reviewed the Promissory Note executed at the closing, the executed version of the Note contained paragraphs 7(a) and 7(b) with "Lockout Period" of 10 years and exuberant prepayment penalties – the penalty amount was equal to the amount of the principal in the event of a prepayment.

27. Under the exigent circumstances of the closing created by Defendant, Plaintiff did not have any knowledge and could not have discovered through reasonable efforts that Defendant

inserted in the execution copy of the Note the provisions contained in paragraph 7 – "prepayment penalties."

28. Defendant made a mistake in inserting paragraph 7 – "prepayment penalty" in the execution copy of the Note – the term that Defendant did not agree to prior to the closing.

29. Defendant knew at the time of the closing that there was a provision inserted in the execution copy of the Note (paragraph 7 – "prepayment penalty") that Defendant did not agree to prior to the closing and would not likely be able to discover under the circumstances of the closing. Defendant did not disclose to Plaintiff the insertion of paragraph 7 in the Note.

## THE NOTE SHOULD BE REFORMED TO REMOVE THE PREPAYMENT PENALTY

30. Upon discovery of the inclusion of the "lockout provisions" in the Note, Plaintiff's counsel S. Dabrowski promptly contacted Defendant and directed Defendant's attention to the discrepancy but Defendant refused to amend and/or remove said provisions to bring the Note in conformance with the loan terms agreed between Plaintiff and Defendant.

31. On October 2007, Defendant issued a payoff letter (Exh. C), where Defendant sough a prepayment penalty in the amount of $1,15,157.80 where the amount of principal outstanding was only $997,985.76.

32. Defendant inserted paragraph 7 in the Note at the last minute by mistake and Plaintiff by mistake executed the Note containing paragraph 7. Neither party discovered said mutual mistake until after the closing.

33. In the alternative, Defendant inserted paragraph 7 in the Note at the last minute intentionally counting on that Plaintiff would not have sufficient time to discover the provision that was previously agreed or discussed.

34. Defendant made no effort to bring Plaintiff's attention to the insertion of paragraph 7 where there was no agreement, disclosure or discussion of such provisions between Plaintiff and Defendant.

35. Plaintiff has no adequate remedy at law because the Plaintiff's interest in the real estate property has been clouded and encumbered by a mortgage not reflecting the terms agreed between Plaintiff and Defendant. Based on the Defendant's payoff, Defendant's purported mortgage encumbers Plaintiff's property for double amount of agreed loan amount.

WHEREFORE, Plaintiff prays for a judgment against Defendant reforming the Note Exh. A by removing the provisions contained in paragraph 7 of said Note, costs and any other relief that this Court finds just and equitable.

---

**COUNT II - RESCISSION OF THE NOTE AND MORTGAGE**

36. Plaintiff realleges and incorporates the allegations stated in paragraphs 1 though 35 as if fully stated herein.

37. Under the Note as it exists, Plaintiff must pay Defendant a penalty in the amount equal to the outstanding principal to be able to payoff Defendant's mortgage. The enforcement of

such egregious penalty should shock the conscience of this Court.

38. Forcing Plaintiff to pay double the amount of the principal of the loan when he prepay the loan ONE YEAR after the closing not only will create grave consequences to Plaintiff – it would simply ruin his life.

39. If this rescinds the Note and the Mortgage, Plaintiff will immediately return to Defendant all funds received at the closing plus closing and processing expenses, thereby restoring Defendant to the status quo existing before the closing. Moreover, Plaintiff would not seek reimbursement of all interest and payments made by Plaintiff under the loan which would compensate Defendant for interest that could have been potentially earned.

WHEREFORE, Plaintiff prays for a judgment against Defendant for rescission of the Note and Mortgage securing the Note, costs and any other relief that this Court finds just and equitable.

ANTHONY QUARANTA

By: ____________________

Eugene I. Turin, his attorney

Eugene I. Turin
400 Skokie Blvd. S. 380
Northbrook, IL 60062
312-388-5999
SERVICE WILL BE ACCEPTED BY FAX 847-763-9155
Atty #42802

08CV3807
JUDGE GETTLEMAN
MAGISTRATE JUDGE COX
YM

# EXHIBIT C
# BAYVIEW LOAN SERVICING LLC's NOTICE OF REMOVAL

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
06/05/2008
CT Log Number 513499845

**TO:** Brian E Bornstein, Senior Vice President & General Counsel
Bayview Financial, L.P.
4425 Ponce de Leon Boulevard, 4th Floor
Coral Gables, FL 33146

**RE:** **Process Served in Illinois**

**FOR:** Bayview Loan Servicing, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Anthony Quarata, Pltf. vs. Bayview Loan Servicing, LLC, Dft. |
| **DOCUMENT(S) SERVED:** | Summons (2 sets), Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Cook County Circuit Court, County Department, Chancery Division, IL<br>Case # 08CH19043 |
| **NATURE OF ACTION:** | Rescission of Note and Mortgage securing the Note -6301 W. 73rd St, Bedford Park IL |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/05/2008 at 11:00 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Eugene I. Turin<br>400 Skokie Blvd<br>Suite 380<br>Northbrook, IL 60062<br>312-388-5999 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 790520609419<br>Email Notification, Paulette John paulettejohn@bayviewfinancial.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Tawana Carter |
| **ADDRESS:** | 208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |



Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

08CV3807
JUDGE GETTLEMAN
MAGISTRATE JUDGE COX
YM

# EXHIBIT D
# BAYVIEW LOAN SERVICING LLC's NOTICE OF REMOVAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY QUARANTA, | ) | Circuit Court of |
| | ) | Cook County, Illinois |
| Plaintiffs, | ) | Case No. 08 CH 19043 |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BAYVIEW LOAN SERVICING LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**AFFIDAVIT IN SUPPORT OF BAYVIEW LOAN SERVICING LLC'S NOTICE OF REMOVAL**

Robert Hodapp, being duly sworn, states as follows:

1. I am Robert Hodapp, Corporate Counsel of Bayview Loan Servicing LLC.

2. I have read the Notice of Removal to which this affidavit is attached, including specifically the statements regarding Bayview Loan Servicing LLC's "citizenship".

3. The statements contained in the Notice of Removal are true and correct.

[signature]
CORPORATE COUNSEL

Subscribed and sworn to before me this 1st day of July 2008.

[signature]
Notary Public

PAOLA RESTREPO
MY COMMISSION # DD 553395
EXPIRES: May 17, 2010
Bonded Thru Notary Public Underwriters

08CV3807
JUDGE GETTLEMAN
MAGISTRATE JUDGE COX
YM

# EXHIBIT E
# BAYVIEW LOAN SERVICING LLC's
# NOTICE OF REMOVAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY QUARANTA, | ) | Circuit Court of |
| | ) | Cook County, Illinois |
| Plaintiffs, | ) | Case No. 08 CH 19043 |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BAYVIEW LOAN SERVICING LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTIFICATION OF AFFILIATES-DISCLOSURE STATEMENT**

Defendant, BAYVIEW LOAN SERVICING LLC. ("Bayview"), by and through its attorneys, Michael J. Weik, Craig C. Smith of Smith & Weik LLC, and pursuant to Local Rule 3.2 of the Rules of the U.S. District Court-Northern District, states as follows:

1.. Bayview Loan Servicing LLC ("BLS") is a Delaware Limited Liability Company with its principal office and place of business is in Coral Gables, Florida.

2. BLS has one member, Bayview Financial L.P ("BFLP"), a Delaware Limited Partnership whose principal office and place of business is in Coral Gables, Florida.

Respectfully submitted,

BAYVIEW LOAN SERVICING LLC

By: s/Michael J. Weik
One of Defendants' Attorneys

Michael J. Weik ARDC # 3125782
Craig C. Smith ARDC #6238126
Smith & Weik LLC
10 S. LaSalle Street, Suite 3702
Chicago, IL 60603540
312-443-9540